**Amadu SESAY, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5003–AG.**

United States Court of Appeals,
Second Circuit.

March 27, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Laurel Loomis Rimon, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Amadu Sesay, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B).

The IJ found Sesay to be not credible for the following reasons. The IJ considered nonsensical Sesay's claim that he obtained a travel document allegedly issued by the Sierra Leonean government on the same day that he entered Guinea. The IJ also noted that Sesay's testimony was inconsistent with that of Bakar, the man whom Sesay allegedly met coincidentally at the airport upon Sesay's arrival in the United States. The first conclusion is impermissibly speculative, *see Secaida–Rosales v. INS*, 331 F.3d 297, 309 (2d Cir. 2003), given Sesay's concession that the document was not genuine and secured to

ensure that he had some seeming authorization to be in Guinea if stopped by officials of that country. In any event neither of these points is directly material to the persecution claim that is the crux of Sesay's application for asylum. While the latter inconsistency might have been relied on to find that Sesay had not credibly testified to the circumstances of his entry into the United States or the timeliness of his asylum application, it cannot, by itself, undermine his persecution claim. *See Secaida–Rosales*, 331 F.3d at 308 (noting that credibility findings should concern the basis of the asylum claim).

Finally, the IJ found that Sesay failed to offer sufficient documentation corroborating his claim. Before penalizing an otherwise credible applicant for failing to present documentary evidence, the IJ must first point to the missing documents and then show that they were reasonably available. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). Of the documentation that was identified by the IJ, none was determined to be reasonably available. Nor is it obvious that such documentation would be reasonably available in light of the chaotic conditions existing in Sierra Leone and the fact that Sesay did not know whether his parents, who might have corroborated Sesay's story, were dead or alive.

The IJ's errors are not harmless because if Sesay was credible, he clearly suffered past persecution at the hands of the Revolutionary United Front ("RUF"), which twice attacked his home due to his family's political affiliations, and then took Sesay hostage. *See Islami v. Gonzales*, 412 F.3d 391, 395 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings

consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).